# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONTI MITCHELL,<br><br>    Petitioner,<br><br>v.<br><br>LARRY SMALL, Warden,<br><br>    Respondent. | Civil No.   10-CV-1639 BTM (BGS)<br><br>**REPORT AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS**<br><br>**[DOC. NO. 2]** |

Petitioner, Lamonti Mitchell ("Mitchell"), a state prisoner, has filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 4.) On June 27, 2011, Respondent filed the pending motion to dismiss, arguing that Mitchell's federal habeas petition is time-barred under the Antiterrorism and Effective Death Penalty act of 1996 ("AEDPA"). (Doc. No. 19.) Mitchell filed an opposition to the motion. (Doc. No. 25.)

## BACKGROUND

On July 18, 2007, prison staff received an anonymous note alleging Mitchell's call contained a large quantity of drugs. (Doc. No. 4 at 10.) On January 19, 2008, in a prison disciplinary hearing Mitchell was found guilty of distribution. (Doc. No. 4 at 6.) Mitchell unsuccessfully challenged the guilty finding through the administrative appeals process. (Lodgment 7, Ex. Z.) Mitchell exhausted his administrative remedies on December 2, 2008. (*Id*.)

Applying the mailbox rule,[1] Mitchell filed a petition for writ of habeas corpus challenging his prison disciplinary conviction in Imperial County Superior Court on August 6, 2009. (Lodgment 1.) The petition was denied for failure to comply with California Rules of Court, Rule 4.551, requiring that a habeas corpus petition be submitted on the approved Judicial Council form. (Lodgment 2.) Mitchell filed his petition with the Imperial County Superior Court using the proper form on December 9, 2010. (Lodgment 3.) After that court denied his petition, Mitchell filed petitions seeking habeas relief in the California Court of Appeal and the California Supreme Court. The California Supreme Court denied his petition on June 30, 2010. (Lodgment 8.)

Mitchell's federal petition states that it was mailed on July 26, 2010.[2] (Doc. No. 1 at 11.)

## RESPONDENT'S MOTION TO DISMISS

### I. Respondent's Motion

Respondent moves to dismiss the pending federal petition, because it is untimely. Specifically, Respondent argues that the director's level of review rejected Mitchell's administrative appeal challenging his disciplinary conviction on December 2, 2008, therefore, Mitchell was aware of the factual basis of his habeas claims on that date. According to Respondent, the statute of limitations for filing a federal habeas petition began running the following day—December 3, 2008—and expired one year later on December 2, 2009. (Doc. No. 19 at 4.)

Respondent acknowledges that the proper filing of a petition for writ of habeas corpus challenging the pertinent disciplinary conviction in state court tolls the one-year statute of limitations period. Respondent, however, contends that even if the Court grants Mitchell statutory tolling for the period of time he had a properly filed state petition, the federal habeas petition remains untimely by about a month. Accordingly, Respondent argues that Mitchell's petition is untimely and must be dismissed with prejudice.

### II. Mitchell's Opposition

In opposition to Respondent's motion to dismiss, Mitchell alleges that the statute of

---

[1] *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

[2] It appears that Mitchell did not actually place the petition in the prison mail system on July 26, 2010, but rather, a fellow inmate mailed the petition for him on August 1, 2010. Nevertheless, in order to provide Mitchell the benefit of these five days, the Court will calculate the statute of limitations as if the petition was mailed July 26, 2010.

limitations for filing a federal habeas petition should be subject to equitable tolling because when he had eight months remaining to meet the one year deadline, he was placed in the Administrative Segregation Unit ("ASU") and stayed there for approximately 35 days. (Doc. No. 26.) While Mitchell was in ASU his property was inventoried and investigated by the Investigative Services Unit. (*Id*. at 4.) Although Mitchell was released into general population on April 9, 2009, his property was not returned to him until May 14, 2009. (*Id*.) When Mitchell received his property, he alleges that many of his legal materials were missing and that he did not have adequate legal resources available to compete his petition until his family ultimately recovered his legal materials from his former cellmate. (*Id.* at 4-5.) Mitchell claims that he received his legal materials just 37 days before the statute of limitations expired. (*Id*.) Finally, Mitchell alleges that he was not able to promptly access the law library in order file his state habeas petition any earlier than December 9, 2009. (*Id*.)

## ANALYSIS

### I. The AEDPA Statute of Limitations

On April 24, 1996, Congress enacted AEDPA which amended 28 U.S.C. § 2244 by adding the following provision:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

///

///

The one-year AEDPA statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to the pending petition. *See Lindh v. Murphy*, 521 U.S. 320, 322–23 (1997).

*II. Application of § 2244(d)(1)(D)*

The one-year statute of limitations period set forth in 28 U.S.C. § 2244 "applies to all habeas petitions filed by persons in 'custody pursuant to the judgment of a State court,' even if the petition challenges an administrative decision rather than a state court judgment." *Shelby v. Bartlett*, 391 F.3d 1061, 1062 (9th Cir.2004). *See also Redd v. McGrath*, 343 F.3d 1077, 1080–83 (9th Cir.2003). When a habeas petitioner challenges an administrative decision, § 2244(d)(1)(D) governs the date on which the limitation period begins to run. *See Shelby*, 391 F.3d at 1066; *Redd*, 343 F.3d at 1081–83. Under § 2244(d)(1)(D), the limitation period begins to run once "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

In this case, the parties do not dispute that Mitchell's administrative appeal challenging the disciplinary conviction at issue was denied at the director's level of review on December 2, 2008. The parties also do not dispute that, for purposes of federal habeas relief, the one-year statute of limitations period for the filing of a federal petition began to run no later than December 3, 2008, the day after the director's level decision, and expired one year later on December 3, 2009. *See Shelby*, 391 F.3d at 1066; *Redd*, 343 F.3d at 1082. Applying the mailbox rule, Mitchell did not file his federal habeas petition in this court until July 26, 2010.  (Doc. No. 1 at 11.)  Accordingly, the pending petition is untimely by almost eight months unless petitioner is entitled to the benefit of tolling.

*III. Application of § 2244(d)(2)*

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(2). The statute of limitations is not tolled during the interval between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because there is no case "pending." *Nino v.*

-4-

*Galaza*, 183 F.3d 1003, 1006 (9th Cir.1999). Once a petitioner commences state collateral proceedings, a state habeas petition is "pending" during one full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between the filing of those petitions are "reasonable." *Carey v. Saffold*, 536 U.S. 214, 222–24 (2002).

The parties do not dispute that Mitchell is entitled to statutory tolling for the time that he had a properly filed petition in state court. In this regard, Mitchell is entitled to tolling of the statute of limitations from December 9, 2009, when he properly filed his first petition with the Imperial County Superior Court, through June 20, 2010, when the California Supreme Court denied his final state habeas petition. Mitchell, however, is not entitled to statutory tolling for the period between his improperly filed state petition, August 6, 2009, and when he properly filed the petition on December 9, 2009. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). In addition, Mitchell is not entitled to statutory tolling for the 26 day period after the California Supreme Court denied his petition. *See Lawrence v. Florida*, 549 U.S. 327, 337 (2007) ("the filing of a petition for certiorari before this Court does not toll the statute of limitations under § 2244(d)(2)"); *White v. Klitzkie*, 281 F.3d 920, 924 (9th Cir. 2002) ("A petition for a writ of certiorari to the United States Supreme Court is simply not an application for state review.").

Granting Mitchell tolling for the time he pursued his claims in state court, the pending federal habeas petition is still untimely because 371 days of the limitations period elapsed before he filed his first habeas petition in the Imperial County Superior Court, and an additional 26 days elapsed after the California Supreme Court denied his petition before he submitted his federal petition for filing in this Court. Accordingly, 397 days elapsed by the time Mitchell filed his federal habeas petition in on July 26, 2010—resulting in Mitchell's federal petition being 32 days late. Thus, the pending federal petition is time-barred under the AEDPA's one-year statute of limitations unless petitioner was entitled to equitable tolling.

## *IV. Equitable Tolling*

The United States Supreme Court has confirmed that the AEDPA statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, ––– U.S. ––––, 130 S.Ct. 2549,

2560, 177 L.Ed.2d 130 (2010). However, "a 'petitioner' is 'entitled to equitable tolling' only where he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." 130 S.Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)). *See also Harris v. Carter*, 515 F.3d 1051, 1054 (9th Cir. 2008); *Stillman v. LaMarque*, 319 F.3d 1199, 1202 (9th Cir. 2003). Thus, equitable tolling is appropriate only when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely petition. *See Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999). Moreover, the petitioner bears the burden of demonstrating the existence of grounds for equitable tolling. *See Espinoza–Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

Courts are expected to "take seriously Congress's desire to accelerate the federal habeas process." *Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283, 1289 (9th Cir.1997), overruled in part on other grounds by *Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998). *See also Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002) (describing the Ninth Circuit's standard as setting a "high hurdle" to the application of equitable tolling). To this end, "the circumstances of a case must be 'extraordinary' before equitable tolling can be applied[.]" *Holland*, 130 S.Ct. at 2564. Whether a party is entitled to equitable tolling "turns on the facts and circumstances of a particular case." *Spitsyn v. Moore*, 345 F.3d 796, 801 (9th Cir. 2003) (quoting *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999)). *See also Holland*, 130 S.Ct. at 2565 (leaving "to the Court of Appeals to determine whether the facts in this record entitle Holland to equitable tolling, or whether further proceedings, including an evidentiary hearing, might indicate that respondent should prevail"). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.' " *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (citing *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.), cert. denied, 531 U.S. 878, 121 S.Ct. 188, 148 L.Ed.2d 130 (2000)).

Mitchell claims that the delay in receiving his legal materials after being housed in ASU warrants equitable tolling of the statute of limitations period. (Doc. No. 25 at 4.) The circumstances presented, however, do not establish that Mitchell was unable to file a timely petition. Mitchell had

his legal materials with him from the time his administrative appeal was denied on December 2, 2008, until February 18, 2009, when he was placed in ASU due to being in possession of a weapon. (Doc. No. 26, Lodgment 5 in support of Opp'n.) In addition, Mitchell does not allege that while he was housed in ASU for 37 days he requested and was denied his legal materials. Rather, based on the facts and evidence Mitchell presents, it does not appear that he requested his legal materials at any time between February 18, 2008 and May 19, 2008. In fact, when prison officials returned Mitchell's property to him on May 14, 2009, Mitchell signed the inventory form indicating that he received all of his personal property. (Doc. No. 26, Lodgment 1 in support of Opp'n .) Mitchell contends, however, that he signed the inventory form prior to reviewing his property in detail. Mitchell filed an inmate appeal on May 19, 2009 requesting that his former cellmate's property be searched to see if any of Mitchell's missing legal materials, photos, and condiments are with the other inmates materials. Prison officials agreed to check the other inmate's property for Mitchell's items but a detailed search "yielded negative results." (Lodgment 4 in support of Opp'n.)

Even assuming that Mitchell did not have access to his legal papers, it was not as a result of "extraordinary circumstances beyond his control." *Espinoza-Matthews*, 432 F.3d at 1026. Rather, the lack of access to his belongings was as a result of Mitchell's violation of prison rules and consequent referral to ASU. In each of the cases applying equitable tolling, wrongful conduct on the part of the prison has actually prevented the prisoner from filing a timely petition.[3] Ordinary incidents of prison life, such as being placed in administrative segregation, inability to access a law library, and being transferred from one prison to another, are not the type of extraordinary events that make it impossible to file a petition on time. *United States v. Van Poyck*, 980 F. Supp. 1108, 1111 (C.D. Cal. 1997.) Mitchell has failed to allege, or show, how his housing in ASU prevented him from filing a timely habeas petition.

///

---

[3] For example, in *Espinoza-Matthews*, 432 F. 3d at 1023, 1027, the petitioner was placed in ASU for his own protection and denied access to his legal materials for nearly a year despite repeatedly requesting the materials in order for him to prepare his habeas petition. Similarly, in *Lott*, petitioner was a claimant and a witness in an unrelated civil matter that resulted in his temporary transfer to another facility to allow for court appearances. During these transfers—lasting 82 days—petitioner was deprived of legal materials related to his federal habeas petition because prison policy precluded inmates from transporting any legal materials other than those needed for the case at hand. *Lott*, 304 F.3d at 921.

In this case, Mitchell knew the facts surrounding his disciplinary conviction well enough to attempt to file his state petition in August 2008—prior to receiving his legal materials from his family. Thus, the Court finds that any delay in receiving his legal materials does not explain the delay in filing his petition. All of the grounds forming the basis of Mitchell's claims were known at the time his administrative appeal was denied at the director's level. Mitchell provides no acceptable explanation for why he waited more than a year to file his first state habeas petition. Despite not having received his missing materials, Mitchell attempted to file a habeas petition in Imperial County Superior Court on August 6, 2009. (Lodgment 1.) The petition contained complete factual and legal arguments and did not differ substantively from the petition filed in Imperial County on December 9, 2009 or from the arguments and claims raised in the federal habeas petition filed with this Court. Thus, Mitchell was able to file his state habeas petition without the legal property he claims he was missing until November 2009. Therefore, not having access to his legal property did not prevent the actual filing of his petition in state court and is not an extraordinary circumstance justifying equitable tolling.

Even assuming for the sake of argument that some extraordinary circumstance stood in his way of filing a timely federal habeas petition, Mitchell has not demonstrated that he diligently pursued his rights. First, unlike the petitioner in *Espinoza-Matthews*, Mitchell did not actively request his legal materials while in ASU, nor was he ever refused access to these materials. At most, some of Mitchell's materials were mistakenly grouped with his cellmate's property and misplaced. Second, Mitchell presents no evidence or explanation as to why he did not re-file his state habeas petition using the proper form between September 9, 2009—when the Imperial County Superior Court denied the August petition for failing to comply with California Rules of Court, Rule 4.551—and December 9, 2009, when his state habeas petition was submitted on the proper form.

Similarly, Mitchell has not alleged when or how often he was denied access to the prison law library or how limited access to that library prevented him from filing a timely federal habeas petition. He has also failed to explain his efforts to obtain access to the law library during the relevant time period. *See Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009) ("Ordinary prison limitations on Ramirez's access to the law library and copier . . . were neither 'extraordinary' nor

made it 'impossible' for him to file his petition in a timely manner."). Accordingly, based on the record before the Court, petitioner is not entitled to equitable tolling of the applicable one-year statute of limitations.

**CONCLUSION AND RECOMMENDATION**

The Court submits this Report and Recommendation to United States District Judge Barry Ted Moskowitz under 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California. For all the foregoing reasons, **IT IS HEREBY RECOMMENDED** Respondent's Motion to Dismiss be **GRANTED** in its entirety on grounds that the petition is untimely. **IT IS FURTHER RECOMMENDED** the Court issue an Order: (1) approving and adopting this Report and Recommendation;(1) approving and adopting this Report and Recommendation, (2) entering an order DISMISSING the petition without leave to amend; and (3) the court DECLINE to issue a certificate of appealability.

**IT IS HEREBY ORDERED** no later than **January 27, 2012**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** any Reply to the Objections shall be filed with the Court and served on all parties no later than **February 9, 2012**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's Order. *See* Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: January 10, 2012

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court