# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

LAMONTI MITCHELL,

Petitioner,

vs.

LARRY SMALL, Warden, et al.,

Respondents.

Civil No. 10cv1639-BTM (BGS)

**ORDER:**

**(1)  ADOPTING IN PART AND DECLINING TO ADOPT IN PART THE FINDINGS AND CONCLUSIONS OF UNITED STATES MAGISTRATE JUDGE;**

**(2)  GRANTING RESPONDENT'S MOTION TO DISMISS;**

**(3)  DISMISSING PETITION FOR WRIT OF HABEAS CORPUS; and**

**(4)  ISSUING A LIMITED CERTIFICATE OF APPEALABILITY**

Petitioner is a California prisoner proceeding pro se with a First Amended Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254.  (ECF No. 4.)  Petitioner alleges his federal Constitutional rights were violated in connection to a January 19, 2008, prison disciplinary hearing at which he was found guilty of distribution of a controlled substance.  (Id. at 1-8.)  Respondent has filed a Motion to Dismiss the Petition on the ground that it was filed after expiration of the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1).  (ECF No. 19.)  Petitioner has filed an Opposition arguing that the Petition is timely, and, alternately, that he is entitled to equitable tolling of the limitations period.  (ECF No. 25.)

Presently before the Court is a Report and Recommendation ("R&R") submitted by United States Magistrate Judge Bernard G. Skomal. (ECF No. 28.) The Magistrate Judge found that equitable tolling was unavailable, and that although partial statutory tolling was available, the Petition was untimely; the Magistrate Judge recommended that Respondent's motion to dismiss be granted, the Petition be dismissed, and the Court decline to issue a Certificate of Appealability. (Id.) Petitioner has not filed objections to the R&R, although he was twice granted an extension of time to do so. (ECF Nos. 32, 34.)

The Court has reviewed the R&R pursuant to 28 U.S.C. § 636(b)(1), which provides that: "a judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

**1.    Background**

Petitioner, who was incarcerated at the time, was found guilty of distribution of a controlled substance on January 19, 2008, following a prison disciplinary hearing. (Pet. Ex. C [ECF No. 1-2 at 7].) The administrative appeal process ended on December 2, 2008, when his appeal was denied at the Director's level of review. (Pet. Ex. Z [ECF No. 1-4 at 49-51].) Petitioner constructively filed a state habeas petition in the superior court on August 6, 2009.[1] (Resp.'s Lodgment No. 1.) That petition was denied without prejudice on September 9, 2009, for failure to comply with California Rule of Court 4.551, which requires habeas petitions to be submitted on an approved Judicial Council form. (Resp.'s Lodgment No. 2.)

Petitioner re-submitted his habeas petition to the superior court on December 9, 2009. (Resp.'s Lodgment No. 3.) On February 2, 2010, the superior court denied the petition on the merits of the claims presented; the court noted that the petition had been filed nearly a year after Petitioner had exhausted his administrative remedies, but explicitly excused the delay because of the previous procedural denial. (Resp.'s Lodgment No. 4.) Petitioner filed his next state habeas petition in the appellate court on March 23, 2010, which was denied on April 20, 2010,

---

[1] Petitioner is entitled to the benefit of the "mailbox rule" which provides for constructive filing of court documents as of the date they are submitted to the prison authorities for mailing to the court. Anthony v. Cambra, 236 F.3d 568, 574-75 (9th Cir. 2000). The Court will use the constructive filing dates throughout this Order.

as untimely (noting that Petitioner "has not explained the delay in seeking habeas corpus relief"), and on the merits. (Resp.'s Lodgment Nos. 5-6.) His final state habeas petition was filed in the state supreme court on May 24, 2010, and was summarily denied on June 30, 2010, without citation of authority or a statement of reasoning. (Resp.'s Lodgment Nos. 7-8.) The instant federal habeas action was initiated on July 26, 2010, the date Petitioner indicates he handed his Petition to the prison officials for mailing to the Court. (ECF No. 1 at 11.)

Respondent contends that the one-year statute of limitations applicable to federal habeas cases began to run on December 3, 2008, the day after Petitioner exhausted his administrative remedies, and that it expired about one week before Petitioner filed his first "properly filed" state habeas petition in the superior court on December 9, 2009. (MTD at 3-4.) Respondent contends that Petitioner is not entitled to statutory tolling as a result of the August 6, 2009, superior court petition which was denied on procedural grounds, because it was not "properly filed." (Id.) Thus, Respondent argues that because Petitioner did not begin his first round of state post-conviction review until after the limitations period had expired, statutory tolling is not available. (Id.) Respondent alternately contends that even if statutory tolling began on August 6, 2009, and ran for the entire state post-conviction review process, which ended on June 30, 2010, Petitioner had seven days remaining on the limitations period at that point, but filed his federal Petition on July 26, 2010, twenty-six days later. (Id. at 5.)

Petitioner replies that the one-year statute of limitations did not begin to run until mid-November 2009, when his legal materials, which had been taken from him by prison officials on February 18, 2009, were returned. (Opp. at 7.) Petitioner also contends that he is entitled to equitable tolling of the limitations period for the time he was dispossessed of his legal materials and deprived of access to the prison law library. (Id. at 5.) Respondent has not replied to the arguments Petitioner has presented in his Opposition.

The Magistrate Judge found that the limitations period began to run on December 3, 2008, the day after Petitioner exhausted his administrative remedies. (R&R at 4.) The Magistrate Judge found that Petitioner was entitled to statutory tolling from December 9, 2009, the date his "properly-filed" superior court habeas petition was filed, until June 30, 2010, when the state

supreme court denied the final state habeas petition. (Id. at 5.) The Magistrate Judge found that statutory tolling did not begin on August 6, 2009, the date the first superior court habeas petition was filed, because that petition was denied on procedural grounds and was therefore not "properly filed," but that even if it was, the Petition is untimely because Petitioner had only seven days left on the limitations period when statutory tolling would have ended under that scenario, but he waited twenty-seven days to file his federal Petition. (Id.) Finally, the Magistrate Judge found that Petitioner was not entitled to equitable tolling. (Id. at 5-9.)

### 2.     Triggering Date for the Statute of Limitations

The one-year statute of limitations applicable to federal habeas petitions pursuant to 28 U.S.C. § 2254 begins to run at the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West 2006).

Respondent contends that the triggering date should be calculated under § 2244(d)(1)(D), and is December 2, 2008, the date Petitioner's administrative appeal of the prison disciplinary proceedings became final. (MTD at 3-4, citing Redd v. McGrath, 343 F.3d 1077, 1080-83 (9th Cir. 2003) (holding that § 2244(d)(1)(D) applies where a prison administrative decision is challenged, and is triggered by the exhaustion of administrative remedies).) Petitioner replies that the triggering date should be calculated under § 2244(d)(1)(B), the date the state-created impediment to his filing a state habeas petition was lifted. (Opp. at 6.) Petitioner identifies that date as sometime in mid-November 2009, when his legal materials, which were taken away

1    when he was placed in administrative segregation on February 18, 2009, were finally returned

2    to him.  (Id. at 6-7.)  The Magistrate Judge incorrectly found that the parties do not dispute the

3    date the limitations period began to run.  (R&R at 4.)  The Court declines to adopt that finding.

4    Rather, if the one-year statute of limitations began to run in mid-November 2009, as Petitioner

5    contends, then the Petition, which was constructively filed on July 26, 2010, is timely even

6    without tolling of the limitations period.  The Court will determine the triggering date for the

7    statute of limitations in the first instance.

8         In support of his argument that the dispossession of his legal materials by the prison

9    authorities constituted a state-created impediment to filing, Petitioner relies on and incorporates

10   his arguments in support of equitable tolling.  (See Opp. at 7.)  In support of equitable tolling,

11   Petitioner contends that he was without his personal legal materials from February 18, 2009,

12   until sometime in mid-November 2009.  (Id. at 4-5.)  He also contends that when the limitations

13   period was nearing its expiration, he was "prevented from timely accessing the prison law library

14   to conduct essential research of case law authority needed to buttress his petition's claims."  (Id.

15   at 5.)

16        The standard for satisfying § 2244(d)(1)(B) is "far higher" than the standard for

17   demonstrating an entitlement to equitable tolling.  Ramirez v. Yates, 571 F.3d 993, 1000-01 (9th

18   Cir. 2009).  Petitioner is entitled to rely on § 2244(d)(1)(B) only if the circumstances alleged

19   "altogether prevented him from presenting his claims in any form, to any court."  Id., citing

20   Lewis v. Casey, 518 U.S. 343, 350-51 (1996).  Here, Petitioner has not shown that the inability

21   to visit the prison law library and the temporary dispossession of his legal materials prevented

22   him from presenting his claims in any form to any court.  Rather, for same the reasons set forth

23   in the R&R regarding why Petitioner is not entitled to equitable tolling, (see R&R at 5-9), which

24   as set forth below the Court adopts, Petitioner cannot satisfy § 2244(d)(1)(B), which requires a

25   far higher showing.  Yates, 571 F.3d at 1000-01.

26        Accordingly, the Court finds that the one-year statute of limitations began to run on

27   December 3, 2008, the day after Petitioner completed exhaustion of his administrative remedies.

28   Redd, 343 F.3d at 1080-83; Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  Because

the instant federal Petition was filed on July 26, 2010, well over a year later, it is untimely unless the limitations period was tolled.

### 3.   Statutory Tolling

The statute of limitations is tolled while a "properly filed" habeas petition is "pending" in state court. 28 U.S.C. § 2244(d)(2). As set forth above, although Petitioner began exhausting his state court remedies by filing a state habeas petition in the superior court on August 6, 2009, that petition was denied on the basis that it had not been submitted in compliance with state rules requiring that state habeas petitions be submitted on a proper form.   Petitioner re-filed that petition on December 9, 2009, just over a year after the limitations period began to run on December 3, 2008. Thus, unless the first superior court habeas petition filed on August 6, 2009, was "properly filed," statutory tolling is not available.  See Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001) (holding that state post-conviction petition which was filed after expiration of the statute of limitations cannot toll the limitations period).

The Magistrate Judge found that the first superior court habeas petition, which was dismissed for failure to use a proper form, was not "properly filed."  (R&R at 5, citing Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings.")) The Court agrees with the Magistrate Judge and adopts that finding.  However, even assuming that first superior court habeas petition was properly filed, for the following reasons, statutory tolling does render the Petition timely.

The Magistrate Judge found that Petitioner was entitled to statutory tolling from December 9, 2009, when he re-filed his superior court state habeas petition (which was not rejected), until June 30, 2010, when the state supreme court denied his final state habeas petition. (R&R at 5.)  However, the habeas petition filed in the state appellate court was denied as untimely, as well as on the merits. (Resp.'s Lodgment No. 6.) In Carey v. Saffold, 536 U.S. 214 (2002), the Court held that the time between the denial of a petition in a lower California court and the filing of a subsequent petition in the next higher state court does not toll the statute of limitations (i.e., an application for post-conviction relief is not "pending" during the interstitial

periods while one is pursuing a full round of state collateral review) if the petition is untimely. Id. at 223-26.  In Pace v. DiGuglielmo, 544 U.S. 408 (2005), the Court also held that statutory tolling is not available for the period a petition is under consideration (i.e., an application for post-conviction relief is not "properly filed") if it is untimely, even if the state court also addressed the merits.  Id. at 413-14.  Accordingly, because the appellate court habeas petition was untimely, the Court declines to adopt the Magistrate Judge's finding that Petitioner was entitled to statutory tolling for the period it was pending, or for the interstitial period after the superior court's denial and the filing of appellate court petition.

The same is true with respect to the state supreme court habeas petition.  In Evans v. Chavis, 546 U.S. 189 (2006), the Court held that in the absence of a clear indication by the state supreme court that a petition is untimely, the federal court "must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness."  Id. at 198. In this case, the state supreme court denied the habeas petition without comment or citation of authority.  In the state petition form Petitioner used in both the state appellate and supreme courts, on the line where Petitioner is required to explain any delay in raising the claims within the meaning of In re Swain, 34 Cal.2d 300, 304 (1949),[2] he wrote: "N/A."  (Resp.'s Lodgment No. 5 at 6; Resp.'s Lodgment No. 7 at 6.)

Lacking an indication from the state supreme court regarding timeliness, this Court must examine the delay "and determine what the state courts would have held in respect to timeliness."  Chavis, 546 U.S. at 198.  Although the state superior court excused Petitioner's nearly one-year delay, the appellate court found the delay unjustified.  Swain, 34 Cal.2d at 304; In re Robbins, 18 Cal.4th 770, 805 (1998) (holding that a habeas claim "that is substantially delayed will nevertheless be considered on the merits if the petitioner can demonstrate 'good cause' for the delay.")  Because Petitioner provided no basis for a finding of good cause nor any

---

[2] At page 304 of the Swain opinion, the state supreme court states: "We are entitled to and we do require of a convicted defendant that he allege with particularity the facts upon which he would have a final judgment overturned and that he fully disclose his reasons for delaying in the presentation of those facts.  This procedural requirement does not place upon an indigent prisoner who seeks to raise questions of the denial of fundamental rights in propria persona any burden of complying with technicalities; it simply demands of him a measure of frankness in disclosing his factual situation." Swain, 34 Cal.2d at 304.

other excuse justifying the delay, the delay was "unreasonable" within the meaning of California law, and the state supreme court habeas petition was neither "properly filed" nor "pending" within the meaning of 28 U.S.C. § 2244(d)(2). Chavis, 546 U.S. at 199-200; DiGuglielmo, 544 U.S. at 413-14 (holding that denial of petition by California Supreme Court as untimely precludes statutory tolling); see also Walker v. Martin, 562 U.S. ___, 131 S.Ct. 1120, 1125-31 (2011) (holding that California's timeliness requirement providing that a prisoner must seek habeas relief without "substantial delay" as "measured from the time the petitioner or counsel knew, or should reasonably have known, of the information offered in support of the claim and the legal basis for the claim," is clearly established and consistently applied), citing In re Robbins, 18 Cal.4th at 805. Accordingly, the Court declines to adopt the Magistrate Judge's finding that Petitioner is entitled to statutory tolling for the period the state supreme court habeas petition was pending, or for the time between the appellate court denial and the filing of the state supreme court petition.

Thus, even assuming Petitioner's first superior court habeas petition, which was denied on the basis that it was not submitted on a proper form, was "properly filed," statutory tolling ended, at the very latest, when the superior court denied habeas relief on February 2, 2010. Petitioner had allowed 246 days to elapse from when the limitations period began to run on December 3, 2008, until he filed that first superior court habeas petition on August 6, 2009, at which time he had 119 days remaining. 173 additional days elapsed after the superior court denied habeas relief on February 2, 2010, before the instant federal Petition was filed on July 26, 2010. As a result, even giving Petitioner the benefit of statutory tolling for his superior court habeas proceedings, a net total of 419 days passed between when the one-year statute of limitations began to run and when Petitioner initiated this proceeding. Accordingly, statutory tolling does not aid Petitioner even if his first state habeas petition was properly filed.

### 4.    Equitable Tolling

The statute of limitations is also subject to equitable tolling. Holland v. Florida, 560 U.S. ___, 130 S.Ct. 2549, 2560-63 (2010). However, a petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and

prevented timely filing." Id. at 2562. Petitioner bears the burden of showing "extraordinary circumstances" were the proximate cause of his untimeliness, rather than merely a lack of diligence on his part. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003); Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir. 2003). Equitable tolling "is unavailable in most cases." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "[T]he threshold necessary to trigger equitable tolling (under AEDPA) is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002).

The Magistrate Judge found that Petitioner is not entitled to equitable tolling. (R&R at 5-9.) Petitioner has not objected to that finding. The Court having made a de novo review agrees with the Magistrate Judge's reasoning. Accordingly, the Court adopts the Magistrate Judge's findings and conclusions with regard to equitable tolling. Because Petitioner is not entitled to equitable tolling of the statute of limitations, the instant federal Petition is untimely for the reasons discussed above. The Court therefore **GRANTS** Respondent's Motion to Dismiss.

**5.      Conclusion and Order**

The Court **ADOPTS** in part and **DECLINES** to adopt in part the findings and conclusions of the Magistrate Judge as set forth above, **GRANTS** Respondent's Motion to Dismiss, and **DISMISSES** the Petition for a Writ of Habeas Corpus. The Court **ISSUES** a Certificate of Appealability limited to the issue of equitable tolling. See Lambright v. Stewart, 220 F.3d 1022, 1025 (9th Cir. 2000) (holding that a Certificate of Appealability may issue where the questions are adequate to deserve encouragement to proceed further, and any doubt about whether a petitioner has met that burden should be resolved in petitioner's favor).

The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:  March 29, 2012

BARRY TED MOSKOWITZ, Chief Judge
United States District Court